UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 25 2011 ★

BROOKLYN OFFICE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| PLATINUM ELITE GROUP, INC., | |
| Defendant. | |

IRIZARRY, J.

REYES, M.J

SUMMONS ISSUED

CV11-5797

Plaintiff, American General Life Insurance Company ("American General" or the "Company"), by way of Complaint against Platinum Elite Group, Inc. ("Platinum"), states:

### SUMMARY OF CLAIMS

1.  American General seeks the return of compensation it paid to Platinum in the form of commissions and other fees (collectively, "Commissions") for insurance policies American General rescinded after learning they were the product of fraud. American General is entitled to the return of the Commissions under the terms of General Agent contract signed by Platinum.

### PARTIES

2.  American General is a life insurance company organized under the laws of the State of Texas with its principal place of business in Texas.

3.  Platinum is, on information and belief, a corporation organized under the laws of the State of New York with its principal place of business in Kings County, New York.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiff and Defendant are citizens of different States.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 in that Platinum resides within this District.

## FACTS

6. At all relevant times herein, Platinum was a General Agent contracted by the Company "to procure and submit to the Company applications for all types of insurance and annuities issued by the Company."

7. As a General Agent, Platinum received compensation in the form of Commissions from the Company for insurance policies and annuities the Company issued on applications procured and submitted by Platinum.

8. As a General Agent, Platinum agreed to "repay the Company on demand any compensation" Platinum received on premiums that were later returned by the Company. Platinum also agreed that it would be "liable for any and all expense[s]" the Company incurred in pursuing "collection procedures in order to collect any indebtedness."

9. In August 2007 and December 2007, Platinum submitted to American General applications (the "Applications") for the issuance of Flexible Premium Adjustable Life Policies seeking to insure the life of Rachel Kalish.

10. In November 2007 and December 2007, American General executed and issued to the Rachel Kalish Family Trust, as owner and beneficiary, Flexible Premium Adjustable Life

Policies U10043663L and U10107542L (the "Policies"), respectively, insuring the life of Rachel Kalish, each in the amount of $5,000,000.

11. As a result of their solicitation, procurement and submission of the Application, Platinum received $397,980.02 in Commissions from the Company.

12. Following its receipt of premiums on the Policies and its payment of Commissions to Platinum on those premiums, American General discovered material misrepresentations in the Applications.

13. Given the material misrepresentations, American General brought suit (the "Lawsuit") seeking judgment declaring the Policies rescinded and void *ab initio*.

14. Pursuant to a resolution of the Lawsuit wherein the parties agreed that the Policies "are rescinded and are void *ab initio*," American General returned the premiums paid on the Policies.

15. Following the premium refunds, American General has made repeated demands to Platinum for repayment of the Commissions it received on the refunded premiums.

16. Despite American General's demands, and despite its earlier agreement to repay Commissions it received on premiums later returned, Platinum has failed and refused to repay the Commissions it received.

17. To date, the amount due and owing from Platinum to American General is $106,626.97.

## FIRST COUNT
(Breach of Contract)

18. American General incorporates each and every allegation set forth above as if fully set forth herein.

19. Pursuant to the terms of its General Agent contract, Platinum is obligated to repay the Commissions it received from the Company for the premiums the Company received on the Policies and later returned.

20. The failure and refusal of Platinum to repay the Commissions it received, despite the Company's proper demand for same, constitutes a breach of Platinum's General Agent contract.

21. By virtue of Platinum's breach of contract, American General is entitled to damages from Platinum in the amount of $106,626.97, together with American General's attorney's fees and expenses in pursuing collection.

## SECOND COUNT
(Unjust Enrichment)

22. American General incorporates each and every allegation set forth above as if fully set forth herein.

23. Platinum received Commissions based on premiums paid on the Policies.

24. The Policies were rescinded *ab initio* and the premiums the Company received on the Policies were returned by the Company.

25. Given the foregoing, and its failure and refusal to repay the Commissions, Platinum has been unjustly enriched and its retention of the Commissions is wrongful and contrary to equity and good conscience.

26. By virtue of its unjust enrichment, American General is entitled to damages from Platinum in the amount of $106,626.97, together with American General's attorney's fees and expenses in pursuing collection.

## **THIRD COUNT**
(Breach of Fiduciary Duties)

27. American General incorporates each and every allegation set forth above as if fully set forth herein.

28. By virtue of its appointment as General Agent, Platinum undertook fiduciary duties owing to American General including, *inter alia*, duties (i) not to wrongfully withhold property belonging to American General after due demand has been made for its return; (ii) not to willfully misappropriate funds belonging to American General; and (iii) not to act in a manner that otherwise materially prejudices American General.

29. By virtue of the foregoing, and its failure and refusal to repay the Commissions, Platinum has breached its fiduciary duties owing to American General.

30. By virtue of the breach of its fiduciary duties, American General is entitled to damages against Platinum in the amount of $106,626.97, together with American General's attorney's fees and expenses in pursuing collection.

WHEREFORE, American General demands judgment as follows:

(a)  against Platinum in an amount not less than $106,626.97; and

(b)  for interest on said sum, together with the costs and disbursements of this action,

(c) including all reasonable attorney's fees and other expenses American General has incurred in pursuing collection, and such other and further relief as to the Court seems just and proper.

Dated: November 22, 2011

                                                   Respectfully submitted,

                                                   _____
                                                   Andrew P. Fishkin
                                                   Kirstin K. Mannarino
                                                   FISHKIN LUCKS LLP
                                                   Attorneys for American General Insurance Company
                                                   277 Broadway, Suite 408
                                                   New York, New York 10007
                                                   (646) 755-9200
                                                   afishkin@FishkinLucks.com
                                                   kmannarino@FishkinLucks.com

21966.1